## W. W. TROUP et al. *v.* A. J. RICE et al.

1. CHANCERY COURT—PLEADINGS AND PRACTICE.—Matters testamentary and of administration belong exclusively to the probate court jurisdiction, although conducted in the form of pleadings employed in equity. In probate court jurisdiction no appeal will lie from an interlocutory order. The jurisdiction of the chancery court and the probate court, were designed to be, and are, distinct. Code of 1857; Code of 1871, art. 3, p. 191, § 1075; Const. of Miss., art. 6; Laws of 1870, ch. 6. The probate powers have been conferred upon, an'd transferred to, the present chancery court, but it was not designed to mix the two jurisdictions, nor has equity jurisdiction been enlarged.

2. SAME—SAME.—Under the superceded system, though law and equity were administered by the same judge who presided in the circuit court, yet the two jurisdictions remained distinct. So now, matters of probate and of equity are administered in the court of chancery, by the Chancellor, nevertheless the two remain as distinct as law and equity, in the late circuit courts. At the adoption of our present constitution, and the approval of the laws of 1870, there was a well defined and well understood equity jurisdiction, as there was also a probate system and jurisdiction prescribed by the statute. When the two were transferred to the present chancery court, to be administered by the Chancellor, most certainly the result had not been, nor could it have been contemplated, in view of the consequences, to blend or mix the two. A party petitioning ·to compel an executor or an administrator to make final settlement of an estate, or for partial settlement and distribution, or for the construction of a will, and although the petition charge maladministration, fraud, or any other misconduct, or misappropriation of the·funds of an estate, he need not invoke the aid of a court of chancery. The jurisdiction of the court of probate is full and complete.

Appeal from the chancery court of Monroe county. Hon. O. H. WHITFIELD, Chancellor.

The facts.in this case are sufficiently stated in the opinion of the court.

The following are the assignments of error:

1. Said chancery court erred in overruling the separate demurrer of W. W. Troup, executor, to the amended bill of complaint in the said cause.

2. Said chancery court erred in overruling the separate demurrer of W. W. Troup and Susan Troup, and the minor heirs of Mary Troup, deceased, by their guardian *ad litem*, to the amended bill of complaint in said cause.

3. Said chancery court erred otherwise in said interlocutory decree here appealed from.

The Reporters find no brief on either side.

*Sale & Dowd*, for appellants.

*Houston & Reynolds and W. P. Harris*, for appellees.

TARBELL, J., delivered the opinion of the court:

The record and papers in this cause, leave the mind in doubt whether this is a proceeding on the probate side of chancery, or an invocation of the equity power of that court. In form, the proceeding is by the usual bill of complaint, with averments, charges, and exhibits, according to the usual practice in equity. The object of the bill, however, is only to compel an executor to a final settlement, or, if the estate is not in a condition for final settlement, then, for a partial distribution, upon refunding bonds. The bill calls for an answer, and contains interrogatories to the executor, calling for specific responses. An inspection of the bill discloses no matter, not strictly pertaining to matters of probate, or the settlement of the estates of decedents. Nor does it call for any action or relief, not within the power of that branch of chancery to grant. And, it may be added, that the bill does not present a case for the interposition of equity.

To the bill there was a demurrer, which was overruled, with leave to answer when an appeal was taken to this court.

After a careful consideration of this case, we have come to the conclusion, that this is in part, and was so intended, a proceeding in matters testamentary and of administration strictly, though conducted in the pleadings employed in equity. If correct in this view, then the case is improperly here, for the reason that an appeal will not lie from an interlocutory order, such as overruling a demurrer in probate proceedings. We have heretofore expressed the opinion, and we are still of the same mind, that the two jurisdictions were designed to be, and are, distinct. Code of 1857; Code of 1871, art. 3, p. 191; ib., § 1075; Cons. of Miss., art 6; Laws of 1870, ch. 6.

It will be seen by these references, that probate powers have been conferred upon and transferred to, the present chancery court, but we cannot conceive that it was designed to mix the two jurisdictions, or that, in fact, *equity* jurisdiction has been enlarged. As under the superceded system, though law and equity were administered by the same judge who presided in the circuit court, yet the two jurisdictions remained distinct. So now matters of probate and of equity are administered in the court of chancery, by the Chancellor, nevertheless the two remain as distinct as law and equity in the late circuit courts.

Of this view, and of the intention of the framers of our present system, § 1075, Code of 1871, is conclusive. At the time of the adoption of our existing constitution, there was a well defined and well understood equity jurisdiction, as there was also a probate system and jurisdiction prescribed by statute. By the court and laws of 1870, these two jurisdictions and systems have been transferred to the chancery court, to be administered by a Chancellor; but, most certainly the result has not been, nor could it have been contemplated, in view of the consequences, to blend and mix the two. In a matter of ordinary probate jurisdiction, pertaining to the administration of estates, the contests between the legal representatives and legatees, for an account or for a distribution, partial or total, a petition or bill for such distribution, although it may impeach the integrity of the administrator or executor, for neglect, for losses, for failing to collect debts due, is clearly within probate powers. Herein, it is true, can be obtained a legacy, or distributive share, by petition or bill, in the chancery court, and so letters testamentary or of administration may be revoked for maladministration, but not by bill *in equity*.

The utmost scope of the bill in the case at bar is for final settlement, or for final or partial distribution, though the bill suggests a devastavit, and avers misconduct and fraud in the executor, in the conversion of the funds of the estate to his own use, and involves the construction of a will; but,

as far as can be seen, all the questions that can arise, are embraced in, or pertain to the administration of estates, for the settlement and adjudication of which the probate branch of the present chancery court has, as the probate court before it had, ample power and jurisdiction. It was the duty of the court, even without petition, Code of 1871, §§ 1131, 1132, 1133, to compel an inventory and an account. This being done, either voluntarily or by compulsion, the rectitude of the executor and the correctness of the account may be tested. The construction of a will, when necessary, was a part of the duty of the probate, as it is of the chancery court; but, though a construction of the will in the case at bar may be required, this constitutes no ground of *equitable* interference, as now presented. *Apparently,* this proceeding is an invocation of the equity powers of the chancery court, whereas, on its face the bill shows a case relating simply to the administration of estates, and for this reason the appeal herein must be dismissed. The probate power of the chancery court is ample to deal with all the questions involved, even to a summary process against the executor, as in case of contempt, to the end that a speedy settlement of the estate may be effected. Code of 1871, § 1198.

It follows, that chancery is not necessarily a court of equity, but that it may combine several tribunals, with separate jurisdictions, as, in this State, has been confided to it, the remedial powers of equity, together with all matters properly cognizable in a court of probate, etc., § 774, Code of 1871, each with its separate and well defined boundaries. Ch. LX., p. 421, Code 1857; ib., ch. LXII.

With reference to the pleadings in the case at bar, in probate matters generally, a highly respected Mississippi authority, North on Probates, in discussing the *modes and forms of procedure* in courts of probate, says: "There can reasonably be entertained no doubt that the system of practice pursued in courts of equity should be followed and conformed to in the probate courts of this State. The very nature and constitution of the courts themselves seem to

unequivocally point out this method; our statute law has essentially prescribed it; and in a sister State it has been settled by solemn adjudication that the orphans' court, in matters within its jurisdiction, must proceed on the same principles as a court of chancery." Referring to the then legislation of this State on the subjet of the powers and duties of probate courts, this author further remarks, that, "The process and proceedings which are implied and directed by these provisions, could not possibly be reduced to a methodical system of rules and forms, so as to meet the intention of the legislature, upon any other model than that of the practice of the court of chancery, no other code of practice known to the science of the law is adapted to these provisions; on the contrary, the statutes were evidently shaped, in many instances, with a view to the established forms and rules of equity." North on Probates, 27.

It needs only to be added, the pleadings, modes and forms of procedure, will not be confused in the mind of the intelligent lawyer, with the facts which determine jurisdiction.

Counsel unite in requesting of this court, the construction of a clause of the will, which is made an exhibit to the bill. Manifestly, much more light can be thrown upon the intention of the testator than is now developed. The parties to this litigation will hardly be content with a construction in the absence of further testimony on the point, going to show the circumstances and surroundings of the testator at the time of the execution of the will, the value of his estate, and advancement to his children, and there must be other facts and circumstances, which may be shown, to the same end.

In view of these considerations, a construction of the will at this time, would be premature.

But, this case being improperly here, another and an imperative reason is afforded, why this court ought not and cannot give an authoritative construction of the will, at the present time.

Appeal dismissed.