A. M. Buie et al. *v.* T. C. Pollock, Executor.

1. Chancery. *Jurisdiction. Suits against executors or administrators and their sureties.*

Section 976 of the Code of 1871 restores to Chancery Courts the jurisdiction which was withheld from such courts by the Constitution of 1832, but not by the present Constitution, of entertaining and adjudicating suits by legatees, distributees, or creditors against executors or administrators, and the sureties on their bonds, for the non-performance by the executors or administrators of their fiduciary duties, or a misapplication of the assets in their charge; and they and their sureties may be made responsible for such non-performance or misapplication in the same decree — it being the object of the statute to do complete justice in one suit.

2. Executors. *Breach of trust. Remedy of creditors against legatees.*

Where an executor delivers the money or property of his testator's estate to the legatees before paying off the legal claims of creditors, the latter may treat such act of the executor as a breach of trust, in which the legatees participated, and may, in equity, pursue the assets into the possession of the legatees, and treat them as trustees, with the same responsibility as the executors.

3. Chancery. *Jurisdiction. Suits against executor, where brought.*

The Chancery Court of the county where the will of a testator is probated, and letters testamentary thereon are granted, has jurisdiction of a proceeding by creditors against the executor, and the sureties on his bond, for a *devastavit*, notwithstanding the defendants to such proceeding may not reside in that county.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

The case is stated in the opinion of the court,

*R. H. Thompson,* for P. Buie and Blue and wife, appellants.

1. Prentiss Buie and Blue and wife are not proper parties to this proceeding, because not within the terms of section 976 of the Code of 1871. This bill, if against executors and the sureties on their bonds only, would be within said statutes, and maintainable, if brought in the proper county, under the decision in *Duncan* v. *Bank of Mississippi*, 52 Miss. 740. But the bill goes further, and seeks to subject P. Buie and Blue and wife, who are not parties to the bond nor in privity with the obligors.

It will not be denied that, in the absence of the statute referred to, this bill would be demurrable, for the reason that it seeks to enforce a purely legal demand. The statute which enables a creditor to sue the sureties of an executor's bond in a court of equity is in derogation of the common law, and the power conferred on the Chancery Court by that statute will not be carried beyond the strict letter of the law. When we analyze that statute, the power to hear and determine questions is restricted to those which arise in relation to the execution of trusts assumed by contract, whether as principal or surety, and it has no application to parties meddling with the estates of the principal or of the sureties.

To say that the Chancery Court acquires jurisdiction of the person of an executor *de son tort,* or of an estate which has never been administered by reason of that statute, is to confound a mere association of ideas with its object and purpose. It is wholly unwarranted by the letter of the statute, and to maintain the jurisdiction on the suggestion that it is within the spirit and purpose of the remedy, is judicial legislation.

2. In reference to the question of jurisdiction, it is sufficient to say that the bill does not show that any of the defendants live, or were found, in Copiah County. This is not a suit for property which, or any part of which, is shown to be in said

county, and it is not shown that Neill Buie's will was probated there, with certainty.

*Sessions & Cassedy*, for A. M. and R. W. Buie, appellants.

The bill is fatally defective in not alleging that the makers of the refunding bonds were insolvent when the bonds were executed, and had been pursued to insolvency. After the expiration of twelve months the executor could have been forced to distribute the estate upon refunding bonds, and it is not alleged that the distribution was had before that time. There is no allegation of the insufficiency or irregularity of these bonds, but it is objected that they were not filed. It is sufficient to tender the bond upon petition for distribution, and it need not be filed. 5 Geo. 83. As the executors did what they could have been compelled by law to do, they are not personally liable for a *devastavit*. Refunding bonds are for the protection of creditors and distributees, and the complainants should proceed on these bonds. 7 Smed. & M. 32.

*Harris & George*, for the appellee.

1. This suit was brought in the Chancery Court of Copiah County, where the estate of Neill Buie was administered, and where the bond of the executor sought to be enforced was taken ; and, hence, the jurisdiction of the court is clear, under section 976 of the Code of 1871, and the decision in *Bank of Mississippi* v. *Duncan*, 52 Miss. 740.

2. The bill is against the obligors and their representatives, on an executor's bond, and is to enforce the personal obligation and liability of such obligors. Hence, a *devastavit* by the executors was the ground of the charges, without reference to the legality of the refunding bonds. If a *devastavit* has occurred, the executors and their sureties are liable.

3. J. M. Buie is the legal representative and administrator of Daniel Buie, and was a proper party. There is no reason why P. Buie and Blue and wife should not be joined in the suit. They are sued as executors.

SIMRALL, C. J., delivered the opinion of the court.

Thomas C. Pollock, surviving executor, etc., recovered a judgment against A. M. Buie and R. W. Buie, executors of Neill Buie, deceased, for $1,866.20. Not being able to find property of the testator, the execution was returned *nulla bona*. Thereupon he brought this bill in chancery against the executors, and those who are alleged to represent the sureties on their bond, viz., J. M. Buie, administrator of Daniel Buie, deceased, one of the sureties, Prentiss Buie, and Mrs. Blue and Luther Blue, her husband. Prentiss Buie and Mrs. Blue are the children and heirs at law of David Buie, another surety on the bond of the executors.

The bill charges various acts of *devastavit* committed by the executors, to an amount greater than Pollock's judgment, and that sundry amounts in value of the property of the estate of Neill Buie, deceased, came to the hands of the defendants, or those whom they represent in privity.

A demurrer to the bill was overruled, from which order an appeal was taken.

It is urged in argument, in support of the demurrer, that a court of chancery has no jurisdiction, because the sureties on the executor's bond cannot be called in question in that court. If a court of equity is competent to make the investigation and declare the result, it would come short of affording full, adequate, and complete redress, if it did not give to the creditor relief against all who are responsible to him, either primarily or secondarily, for the misconduct of the executors.

The sureties undertake for their good conduct and proper performance of fiduciary duties. Certainly, in any judicial proceeding based upon a non-performance of duty, or a misapplication of assets, it would be just that the responsibility should be imposed by the same decree, on the executors and those who undertake for them. The Supreme Court of the United States, in *Payne* v. *Hook*, 7 Wall. 420, held the sureties to be proper parties, on the ground that they stood as

indemnitors of the legatees and creditors; and that the suit was to deal with the executors as trustees for those who succeeded to the estate.

Under the Constitution of 1832 the courts of chancery did not entertain such bills, because the Constitution was construed as withholding that jurisdiction from them. But under the present Constitution the Chancery Court has all the cognizance formerly exercised by courts of chancery and the Probate Courts, and we are no longer perplexed to find the shadowy line which separated them.

Section 976 of the Code of 1871 was designed to restore the chancery jurisdiction to its original dimensions. The verbiage of the section is wanting in perspicuity and precision, but we think the intendment was to enable legatees, distributees, and creditors to bring the executors or administrators into a court of chancery for the investigation and adjudication of questions in relation to the execution of their trusts; and that their sureties, deeply interested in the litigation, could also be made parties; so that, if the principals failed, from insolvency or other cause, to pay what might be decreed against them, a decree over might be made against the sureties. The section does not enact a new rule for the first time, but restores a principle which, for the reason stated, had no place in our chancery jurisdiction.

The end contemplated by the statute is to do complete justice in one suit. The constitutionality of such legislation was indicated in *Bank of Mississippi* v. *Duncan*, 52 Miss. 740.

The ultimate principle on which the equity of the complainant reposes is that the law charges on the property of a testator his debts, in preference to the claims of legatees, and imposes the duty on the executor first to satisfy the just demands of creditors, before executing those parts of the will giving bounties to legatees. Such duties impose on the executor the character of a trustee, and impresses on the assets trusts for the benefit of those who have claims upon them.

If the executor reverses the order of things, and delivers the property to the legatees before he has paid a creditor, the latter does not thereby lose his priority and preference, but may treat this act of the executor as a breach of trust, in which the legatees have participated, and may follow the assets into the possession of the legatees, and treat them as trustees, with the same responsibility as the executor. Story (2 Story's Eq. Jur., sec. 1251) classifies this sort of redress as the execution of an implied trust, at the suit of a creditor to recover his debt from legatees or distributees who have received payment of their claims from the executor before discharging the debts. The legatees or distributees, though not liable to an action at law, will, in a court of equity, be treated as trustees ; because they are not entitled to anything more than the surplus of assets after all the debts of the testator have been paid.

A court of chancery will convert into a trustee *in invitum* a party who has received money or property which he ought not, in good conscience, to retain from another. The doctrine is very broad and comprehensive in its application — as, where a person purchases trust property, knowing it to be such. In such case the court substitutes him *in invitum* in the place of the trustee, and will compel him to hold the property subject to the same trusts as the trustee himself held it. *Isom* v. *First National Bank*, 52 Miss. 915 ; *Wilson* v. *Mason*, 1 Cranch, 100. The principle is fully applicable to those who acquire property from an executor through a diversion or misapplication of the assets of the estate. *Adair* v. *Shaw*, 1 Sch. & Lef. 262 ; *Prosser* v. *Leatherman*, 4 How. (Miss.) 237. If the property, in its original form, is impressed with a trust, no change of that form, by converting it into another, will remove the trust in the hands of any person to whom it may come, except a *bona-fide* purchaser without notice. 2 Story's Eq. Jur., sec. 1258.

It does appear sufficiently from the bill that Neill Buie was

resident, in his life-time, in Copiah County, and that his will was proved and letters testamentary granted in that county. This suit was brought in the proper court.

The decree of the Chancery Court overruling the demurrer is affirmed.