## DAVIS v. DAVIS.

(In Banc. March 15, 1943.)

[12 So. (2d) 435. No. 35122.]

Thos. L. Haman, of Houston, for appellant.

.Rush H. Knox, of Jackson, for appellee.

Alexander, J., delivered the opinion of the court.

·. Appellant as complainant brought her bill for divorce and for custody of a child of herself and defendant. Complainant is a resident of Alabama and the child was living with the father. The defendant denied the grounds alleged for divorce and in his cross-bill prayed for the continued custody of the child. Divorce was denied and custody awarded to the defendant, with a proviso allowing complainant occasional and limited privileges. The only assignment worthy of notice is that which questions the jurisdiction of the court to award custody when the prayer for divorce is denied.

It is true that Code 1930, Section 1421, authorizes the chancery court to make all orders touching the custody of children "when a divorce shall be decreed." This

statute did not restrict but rather enlarged the jurisdiction of the chancery court. The Constitution of 1832, Article 4, Section 16, which established "a separate superior court of chancery . . . with full jurisdiction in all matter of equity," had reference to the system of equity then in force in this state as derived from the English system with such modifications as had been made by statute. Freeman v. Guion, 11 Smedes & M. 58; Servis v. Beatty, 32 Miss. 52; Smith v. Everett, 50 Miss. 575. This language, used again in the Constitution of 1869, was so interpreted in Bell v. City of West Point, 51 Miss. 262, 273. The legislature may add new equity powers to those established by the Constitution (Bank of Mississippi v. Duncan, 52 Miss. 740; Buie v. Pollock, 55 Miss. 309), but it cannot by statute subtract from such constitutional powers. Houston v. Royston, 7 How. 543; Griffith, Miss. Chancery Practice, sec. 84. The present Constitution contains substantially the same language. Constitution 1890, Section 159(a).

That the equity powers thus recognized and established include the jurisdiction over infants, including the right and duty to protect their interests and welfare by decreeing their custody, should not be questioned. Power v. Power, 65 N. J. Eq. 93, 55 A. 111, 114; Urbach v. Urbach, 52 Wyo. 207, 73 P. (2d) 953, 113 A. L. R. 889; 19 Am. Jur. Equity, sec. 152; Story's Equity Jurisprudence (14th Edn.), sec. 1757; Nelson, Divorce and Separation, sec. 979.

Our view has been challenged by Walker v. Walker, 140 Miss. 340, 105 So. 753, 756, 42 A. L. R. 1525. In this case both parents, by bill and cross-bill respectively, prayed for divorce and custody. The decree granted divorce and awarded custody of the children to the father who was complainant. The bill and cross-bill were dismissed upon appeal because this court found that the grounds for the divorce had not been established. The court added, "as the prayer for the custody of the children in the bill and in the cross-bill, and for alimony, is dependent upon a decree of divorce which cannot be

granted in this case, this cause is reversed and the bill and cross-bill are dismissed here . . ." It may be that such view was justified by the facts of the case which so inter-laced the issue of divorce with that of custody that they were found to stand or fall together. It is noted that, unlike the instant case, the divorce was granted, thus furnishing some basis for the view that custody was awarded as a condition thereto. Moreover, the court stated that it was unable to determine whether the divorce was granted upon the bill or the cross-bill. The finding that the custody of the children is "dependent upon a decree of divorce" seems to have been borrowed from other jurisdictions which have so held either pursuant to statutory requirements or to a different conception of their own equity jurisdiction. The diversity of opinion is set out in Urbach v. Urbach, supra, with case note at page 901 of 113 A. L. R., whose reasoning and conclusions are found in accord with our own and are hereby approved. See also 17 Am. Jur., Divorce and Separation, sec. 677; 27 C. J. S., Divorce, sec. 307.

We hold therefore that the chancellor had jurisdiction to decree the custody of the child here and insofar as Walker v. Walker, supra, is inconsistent with this view, it must be and is overruled.

Affirmed.