KINCAID *v.* KINCAID.

In Banc. Nov. 28, 1949

No. 37227 (43 So. (2d) 108)

Brunini, Brunini & Everett, for appellant.

**H. K. Murray,** for appellee.

**Smith, J.**

Appellant and appellee are husband and wife, and the parents of one child, who, at the time of the trial in the chancery court, was about two years old, and residing in Tallulah, Louisiana, in custody of the appellant-mother.

Appellant filed suit for divorce, custody of the child, temporary and permanent alimony, together with suit money and attorney's fees. The trial court allowed alimony pendente lite in the sum of $125 per month, to begin February 1, 1948, and to continue until the first day of the April term of the Warren County Chancery Court following. At the trial of this case, a final decree was entered that appellant "be denied a divorce from the defendant and that complainant be denied any alimony from the defendant; that the custody of minor child of the marriage is not adjusted in this cause. It is further ordered and adjudged that the defendant, Robert C. Kincaid, pay to complainant, Elizabeth B. Kincaid, the amount of $65.00 per month for the support and maintainance of Elizabeth Coleman Kincaid, minor child of the marriage." The failure to award custody of the

child was apparently due to its then being beyond the jurisdiction of the court, in Tallulah, Louisiana.

The charge in the divorce bill was habitual drunkenness. Section 2735, Code 1942. The proof overwhelmingly sustained this accusation. Indeed, of the many instances detailed in the evidence, appellee denied only one, while confessing several others. The wife's testimony was amply corroborated. It would serve no useful purpose to discuss these facts further, except to say that on them appellant was entitled to a divorce.

However, the appellee defended on the ground that she had antenuptial knowledge of his drinking habits, and was, therefore, estopped to claim a divorce because thereof. The general rule relative to this contention is announced to be that knowledge by complainant of the cause for divorce at the time the marriage was consummated is a bar to the suit on that ground. Volume 27 C. J. S., Divorce, Section 58, page 608.

Amis on Divorce, Section 158, states the pertinent law as follows: "If one spouse has knowledge at the time of the marriage, that the other is impotent, or an habitual drunkard, or an habitual drug addict, or has been sentenced to serve a term in the penitentiary, or is insane, or is afflicted with an incurable venereal disease; or if at the time of the marriage the husband knows or has reason to suspect that his wife is pregnant, he or she takes the risks incident to such a marriage and may not be heard to complain thereafter on account of any such known fact; 9 R. C. L. 317, Section 93; C.J. 82, par. 191. [27 C.J.S., Divorce, Section 58]. But mere suspicion based on rumor, or other unreliable information, is not sufficient. In such a case it must be shown that the complainant knew the fact, or had such reliable information as would lead a reasonably prudent person to believe the particular fact. Nor is it sufficient to show merely that the complainant had such information, as if it had been diligently pursued would have led to a discovery of the

fact. In order to bar relief in such a case it must appear that the complainant actually knew or had reasonable knowledge of the particular fact. Neither is it sufficient to show that the complainant knew that the defendant occasionally used intoxicating liquors or narcotic drugs. It must, in such a case, be shown that complainant knew or had good reason to believe that the defendant was an habitual drunkard or habitually used narcotic drugs to excess." See also Rankin v. Rankin, Mo. App. Kansas City, 17 S. W. (2d) 381; Froehlich v. Froehlich, 146 Wash. 175, 262 P. 118; Tilton v. Tilton, 29 S. W. 290, 16 Ky. Law Rep. 538.

In the case at bar, we are dealing with habitual drunkenness alone, and, hence, limit our decision to that issue, as being the only one involved. This leads to the inquiry, did appellee sufficiently establish that appellant, at the time of the marriage, had knowledge or good reason to believe he was an habitual drunkard? The answer must be, no. The evidence offered by appellee on that point was very weak, and, allowing full latitude to it, fails sufficiently to establish the required antenuptial knowledge by appellant that he was an habitual drunkard at the time of the marriage. At the most, she knew only that he was an occasional and moderate social drinker. There was no evidence that he was drunk prior to marriage, much less that he was an habitual drunkard before marriage; and that being so, his wife, of course, could not have had antenuptial knowledge of a condition not shown to have existed. We, therefore, are of the opinion that appellee's evidence failed to establish such defense, and the court below should not have permitted it to bar appellant's demand for divorce. She had clearly established her right to it by overwhelming proof that appellee, after marriage, became an habitual drunkard.

The chancellor denied attorney's fees and alimony to appellant for herself, but allowed $65 per month for the minor child. We are of the opinion that he

should have also continued the temporary alimony to appellant permanently, and allowed her an attorney's fee. The appellee had a lucrative dental practice, and was shown by the evidence, to a sufficient degree, to be able to supplement the wife's meagre earnings in the amount of $60 per month for herself, in addition to the $65 per month for the child. The proof also manifests that the wife's earnings are inadequate for her proper and necessary support. In our judgment, the chancellor should have entered a decree continuing the temporary alimony allowance of $125 per month for mother and child as permanent alimony, and should have allowed appellant $150 for an attorney's fee. Since he did not do so, it becomes our duty to enter the decree here which he should have entered then and there. We hereby do so,— requiring appellee, starting as of April 1948, to pay appellant the sum of $125 per month, $60 for herself and $65 for the daughter, the same to continue until and unless duly and lawfully modified by properly constituted authority under the law in such cases made and provided. ██ The appellee shall also at once pay to appellant $150 for an attorney's fee for representing her in the trial court. Whatever amounts may have been paid for support of the infant daughter, since the final decree below, are to be credited to appellee in that behalf.

In view of what we have said above, we reverse the decree of the chancery court denying divorce, attorney's fees, and permanent alimony to appellant, but affirm it as to the allowance for the support of the minor child, and make no adjudication as to its custody, she ██ being beyond the jurisdiction of this Court. Decree shall, therefore, be entered here, granting appellant a divorce, attorney's fee and permanent alimony for herself and child, accordingly.

Reversed in part, affirmed in part, and decree here.