PAYNE *v.* PAYNE.

Apr. 7, 1952.

No. 38366 (58 So. (2d) 9)

Gilbert & Cameron, for appellant.

Parker & Williamson, for appellee.

Lee, J.

Dude Payne, by his bill of complaint against Willie Mavis Payne, sought to obtain a divorce and the custody of Jimmy Payne, a child of the marriage. He alleged that she had been guilty of habitual cruel and inhuman

treatment toward him, and that she had abandoned the child. Process was obtained by publication.

The defendant, then living in Chicago, appeared and answered. She denied all of the material allegations of the bill. She set up that she had previously obtained a divorce, and attached a copy of such proceedings. She denied that she had abandoned the child, but, on the contrary, alleged that she had been awarded the custody of the child in a habeas corpus proceeding in the county court, and she attached a copy of that judgment to her answer. She further alleged that the complainant was not a bona fide resident of the State of Mississippi, but that he had been a nonresident of the State for about two years. She also alleged that he was guilty of habitual cruel and inhuman treatment toward her. Her prayer was in the alternative, either for a dismissal of the bill, or for a divorce and custody of the child.

When the cause came on for hearing, no proof was offered either by the complainant or the defendant, and the court, in its decree, so adjudged. It further adjudged that the divorce granted to Willie Mavis Payne on July 22, 1947, was regular and valid, and is binding on the parties. The bill was thereupon dismissed, and from that action Payne appeals.

The appellant assigns the dismissal of his bill as error. He argues that the decree of divorce to Willie Mavis Payne was a nullity, because of a lack of process, and that the bill should have been retained to determine the question of custody of the child as between father and mother.

The decree of divorce was granted on process, which was issued on June 12, 1947, and served on June 24th thereafter, in conformity to the Third mode of Section 1859, Code of 1942, and the sheriff's return was in strict conformity to par. 3 of Section 1861, Code of 1942. Compare Divorce and Separation in Mississippi by Amis, Section 243, p. 334, and Mississippi Chancery Practice by Griffith (1925 Ed.), par 227, p. 226.

It was alleged in the bill of complaint in that cause that there was one child of the marriage, Jimmie Payne, three years of age. The court, under Section 2743, Code of 1942, in its discretion, could have entered a custodial decree, but it did not do so. See Divorce and Separation in Mississippi by Amis, Section 225, p. 306, where it is said: ██ █ ''In all cases except where a divorce is granted, or separate maintenance is decreed, the right to the custody of children must be determined on habeas corpus. No other remedy exists. * * *''

██ If appellant had elected to have his bill treated as a petition for habeas corpus, the burden was still on him to produce proof; and since he failed to do so, the court properly dismissed it.

Affirmed.

**McGehee, C. J.**, and **Kyle, Arrington**, and **Ethridge, JJ.**, concur.