MONTGOMERY *v.* WALKER

No. 40130 April 9, 1956 86 So. 2d 502

*Pyles & Tucker,* Jackson, for appellant.

*Colin L. Stockdale,* Jackson, for appellee.

GILLESPIE, J.

Appellee sued appellant for divorce in the Chancery Court of Hinds County. Process was had by publication. At that time the oldest child was with appellee in Hinds County and the other two children were in Texas with appellant. Appellee was granted a divorce in that proceeding and was awarded custody of the oldest child. The final decree, dated May 17, 1954, provided: "This

decree shall remain open and the court specifically retain jurisdiction as to the other minor children of the parties, Arnold Delmer, a boy now aged 7 years and Linda Diane, a girl now aged 3 years, until such time as they may return to the jurisdiction of this Court.''

Shortly after the divorce was granted, appellant, who had remarried, brought Arnold Delmer Walker to visit in Amite County, Mississippi, and appellee went to Amite County and took custody of the child without legal proceedings, and that child has since been with the appellee. About November 1, 1954, appellee moved to Kentwood, Louisiana, where he has since lived with the two oldest children. On May 23, 1955, appellee went to Houston, Texas, where appellant was living with her second husband and the youngest child of the parties to this suit, Linda Diane Walker, where he took custody of the child without legal proceedings and brought her back to Kentwood, Louisiana, and since that time all three children have been with the appellee in Kentwood.

On June 15, 1955, appellee filed in the original divorce cause in Hinds County, Mississippi, a petition to modify the divorce decree dated May 17, 1954, so as to award to appellee the custody of the two youngest children, Arnold Delmer and Linda Diane. Process was had on appellant, who was still living in Texas, by publication. Appellant answered the petition and filed a cross-petition for the modification of the original decree so as to award to her the two youngest children.

After a full hearing, the chancellor found that the appellee-father was a fit and proper person to have the children in his custody; that the appellant-mother was not a fit and proper person at that time to have the custody of the children, and that her conduct was not conducive to the best interests of said minors; and he awarded the custody of the two youngest children to appellee, the father. It is apparent that the reasons for the action of the chancellor was the fact, which appel-

lant admitted, that prior to the divorce she deserted appellee and took the two youngest children to Texas and there lived in adultery with her present husband until appellee secured the divorce, after which she married her present husband, and that appellee was blameless in the divorce action. The chancellor was supported by the evidence in his findings as to the fitness of the parties, and we would not reverse his decree on the proof if that was all that confronted us on this appeal.

■■ ■ At the time of the filing of the divorce bill and the rendition of the decree therein, the two youngest children and appellant were beyond the jurisdiction of the courts of Mississippi, and the court had no authority to render a custodial decree as to such children. Steele v. Steele, 152 Miss. 365, 118 So. 721; Kincaid v. Kincaid, 207 Miss. 692, 43 So. 2d 108; 15 A.L.R. 2d 667.

■■ ■ A custodial decree made by a court not having jurisdiction of the person of the minor whose custody is sought thereby to be determined is void. McAdams v. McFerron, 180 Miss. 644, 178 So. 333.

■■ ■ Since the court did not have jurisdiction of the two children when the divorce decree was rendered, it did not attempt to award their custody. But the attempt to retain jurisdiction was wholly ineffective because it could not retain that which it did not have. ■■ ■ It follows that the provision of the decree of May 17, 1954, retaining jurisdiction of the children, was a nullity, and the divorce proceeding ended without any judicial determination of the question of the custody of the two children here involved.

■■ ■ Under Section 2743 of the Mississippi Code of 1942, the chancery court may modify a decree under certain circumstances, but a subject concerning which no decree was made in the divorce proceeding may not be the subject of a later decree in the divorce cause on the theory of modification of the divorce decree. Schneider v. Schneider, 155 Miss. 621, 125 So. 91. ■■ ■ In

all cases except where a divorce is granted, or separate, maintenance is decreed, the right to the custody of children must be determined by habeas corpus, and no other remedy exists. Amis, Divorce and Separation in Mississippi, Section 225; Payne v. Payne, 213 Miss. 815, 58 So. 2d 9; Payne v. Payne, 58 So. 2d 377. We could not consider appellee's petition as an independent one to declare and confirm the existing status of the children, for we have held that such a proceeding is unknown to our practice. Bobo v. Christian, 199 Miss. 433, 25 So. 2d 325.

We do not decide whether the fact that appellee and all the children were residents of Louisiana when the petition was filed and heard would preclude the appellee from maintaining the proceedings, since it is not necessary to reach that question.

For the reasons stated, the judgment of the lower court must be reversed and the petition of appellee dismissed, but without prejudice to further proper proceedings in any proper jurisdiction.

Reversed and petitioner dismissed.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.