Cox *v.* Cox.

No. 40771 May 19, 1958 102 So. 2d 799

Brewer & Brewer, Clarksdale; Wm. H. Beck, Jr., New Orleans, Louisiana, for appellant.

*Talbot, Sullivan & Dunbar,* Clarksdale, for appellee.

McGEHEE, C. J.

The litigation involved on this appeal in regard to the custody of Maurine Cox, the daughter of the appellant Lorraine M. Cox and the appellee Dr. Ralph Cox, Jr., was first heard in the court of the Burrough of Manhattan, City of New York, upon a petition for divorce from bed and board filed by the appellant on August 7, 1952. The appellant and appellee were married in the City of Hamburg, State of New York, on May 16, 1951, and their child Maurine was born on January 2, 1952. A judgment was rendered by the New York court on February 20, 1953, upon the petition of the appellant Lorraine M. Cox filed on August 7, 1952, as aforesaid, and on a sup-

plement petition filed in the said cause in the meantime, seeking to have the custody of Maurine awarded to the plaintiff in said cause, the judgment of the New York court reciting that the suit was ''brought by the plaintiff for a judgment in her favor and against the defendant for a separation from bed and board of the defendant forever and also for the custody of the issue of said marriage; * * *, and the defendant having appeared by Siegel and Gray, Esqs., his attorneys, and the parties having respectively presented their cases to the court and the court having given due deliberation thereon, and having rendered an opinion at the end of the entire case and having made findings of fact and conclusions of law'', decided among other things that plaintiff was entitled to a judgment against defendant for separation from bed and board forever by reason of the defendant's abandonment and non-support, which was so ordered, and further that it is ''ordered, adjudged and decreed that the plaintiff herein is entitled to the custody of the issue of the said marriage, to-wit Maurine Cox, with permission to the defendant to apply to this court to fix reasonable rights of visitation, and it is further ordered, adjudged and decreed that the defendant pay to the plaintiff during her life the sum of $200.00 per week, commencing with the 2nd day of February, 1953, and weekly thereafter * * *'', together with attorney's fees fixed by the terms of said judgment.

It appears that Dr. Ralph Cox, Jr., is the owner of a non-schedule airline, and that during the pendency of the suit in the State of New York, and prior to the judgment hereinbefore mentioned, he had surreptitiously removed the child Maurine from the jurisdiction of the court in New York to the State of Pennsylvania, and placed her in the care of his parents at Pittsburgh, Pennsylvania, and that although the child was beyond the territorial jurisdiction of the New York court at the time the supplemental petition was filed by her mother seeking to

have the custody of the child awarded to her, the defendant in the New York court suit had entered his appearance therein as hereinbefore set forth.

Upon learning of the whereabouts of her child, it appears that the appellant herein, Lorraine M. Cox, went to the State of Pennsylvania and instituted habeas corpus proceedings in the Court of Common Pleas in Allegheny County, Pennsylvania, and obtained an award of the custody of the child to her, upon process against the paternal grandparents who had the child in their actual possession, but without notice to or process upon the child's father Dr. Ralph Cox, Jr., who was out of the state of Pennsylvania at that time. About 20 days thereafter, and upon the return of Dr. Ralph Cox, Jr., to Pittsburgh, Pa., he filed a petition in the said Court of Common Pleas of Allegheny County, Pa., to have the judgment in the habeas corpus proceeding vacated, because of the lack of notice to him of the said habeas corpus proceedings, and upon the alleged ground that the mother of the child was an unsuitable person to have its care and custody. However, the appellant herein, Lorraine M. Cox, was granted permission by the Court of Common Pleas of Allegheny County, Pa., to later introduce proof in rebuttal of that offered by Dr. Cox, as to whether or not she was a suitable person to have the care and custody of her little girl.

The result was that on October 29, 1954, the parties had entered into a stipulation, and obtained an order of the Court of Common Pleas of Allegheny County, Pa., pursuant to the said stipulation, and whereby it was agreed and stipulated in the said consent order of the court that Dr. Ralph Cox agreed to pay to his wife Lorraine M. Cox the sum of $500.00 per month, pendent lite, payable on the first of each month as support for herself and their minor child Maurice, and which further stipulated and agreed that Dr. Ralph Cox, Jr., was to pay ''the sum of $8,000.00 in payment of all accrued arrearages since the

inception of legal action in the State of New York ordered by the Supreme Court of the State of New York, * * *.''
And it was further stipulated in the consent order of the court that Dr. Ralph Cox was to pay certain sums as attorneys' fees, and that she agreed to vacate ''all present orders of contempt, arrest, and commitment of the said Dr. Cox in any and all proceedings pending in the State of New York'', and it was agreed that the said order should be substituted in lieu of any present orders of the court relating to alimony in the State of New York, and it was further agreed with the approval of the Court of Common Pleas in Allegheny County, Pa., that ''in consideration of this stipulation and order, the said Lorraine Cox shall have the temporary custody of the said child during the pendency of these proceedings.'' And the order provided for periods of visitation of the child to its father Dr. Ralph Cox, Jr.

Thereafter on October 31, 1955, during one of the periods of visitation of Maurine to her father, he, together with his own father and mother, removed the child from Pennsylvania to Clarksdale, Mississippi, and he thereafter on November 5, 1955, brought the present suit in the Chancery Court of Coahoma County, Mississippi, seeking to have awarded to him the custody of this child, and for that relief alone.

 In Amis, Divorce and Separation in Mississippi, Section 225, it is stated: ''In all cases except where a divorce is granted, or separate maintenance is decreed, the right to the custody of children must be determined on habeas corpus. No other remedy exists. In such a case the statute provides that the writ of habeas corpus shall extend to all cases. . . by which the rightful custody of any person is withheld from the person entitled thereto.''

The above stated rule was adhered to in Walker v. Walker, 140 Miss. 340, 105 So. 753. In the later case of Davis v. Davis, 194 Miss. 343, 12 So. 2d 435, the Court

recognized the right of the lower court to award custody, where there was a prayer for a divorce, even though the prayer for divorce was denied. See Bunkley and Morse's Amis, Divorce and Separation in Mississippi, page 221, Section 8.09.

In the instant suit, brought in the Chancery Court of Coahoma County, Mississippi, the complainant moved to Clarksdale, Mississippi, on October 31, 1955, and five days thereafter, to-wit on November 5, 1955, he filed this suit for the custody of this child, and for that purpose alone, since he had not resided in Mississippi for a sufficient time to entitle him to file a suit for divorce here, and of course he was entitled to separate maintenance. Moreover, he was not entitled to institute habeas corpus proceedings since he already had the child in his own care and custody.

On the same date of the filing of the instant suit he obtained an injunction against his wife Lorraine M. Cox, prohibiting and enjoining her from retaking the custody of their minor child and from removing her from Coahoma County, Mississippi. Three days later he petitioned for and obtained permission of the Chancery Court of Coahoma County allowing him to change the residency of the minor child from Clarksdale, Coahoma County, Mississippi, to Alligator in Bolivar County, Mississippi, where he and his parents reside in a rural home, although a spacious one, near the Town of Alligator.

The defendant in the last above mentioned suit, Lorraine M. Cox, filed a motion to dismiss the suit in the Chancery Court of Coahoma County, Mississippi, for lack of jurisdiction, "appearing herein solely for the purpose of this motion", and raising the question that there was no jurisdiction to hear the cause because it is one solely for child custody, no divorce or separation decree being requested, and further on the ground that the court has no jurisdiction for the reason that the subject matter and the parties to this cause are now and have

been for sometime under the jurisdiction of the Court of Common Pleas of Allegheny County, Pa., where said cause is now pending, as shown by an authenticated copy of the records of the said court attached to the plea to the jurisdiction and made a part thereof.

Moreover, during the pendency of the child custody proceedings in the Court of Common Pleas of Allegheny County, Pa., and long prior to the institution of the suit in Coahoma County, Mississippi, the said Dr. Ralph Cox, Jr., had filed a suit for divorce in Pennsylvania, and neither the certified transcript of the proceedings, nor the proof in the instant case, show that the said divorce suit has been terminated by any order of the Pennsylvania court. In other words, at the time of the filing of the instant suit in Mississippi the courts of Pennsylvania had jurisdiction of an undisposed of proceeding between the same parties over the custody of Maurine Cox, and also of the suit for divorce filed by Dr. Ralph Cox, Jr., against his wife Lorraine M. Cox. The parties have not been divorced, and the custody of Maurine Cox is now vested in her mother under and by virtue of the decree of the Court of Common Pleas of Allegheny County, Pa., rendered on October 29, 1954, by stipulation and consent of the parties.

In 17 Am. Jur., Divorce and Separation, Section 822, page 17, it is said: ''Where the parties make an agreement for custody and the court bases its decree on the agreement, the decree is nevertheless a judgment of the court, having the usual attribute of conclusiveness as an adjudication upon existing facts.''

And in 27 C.J.S., Divorce, Section 311, page 1177, it is said: ''Provisions of an agreement approved by the court in the decree are not contractual in nature but are in effect an adjudication of custody by the court.''

U. S. Constitution, Article IV, Section 1, provides: ''Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.''

The appellee in the instant case alleges that by the stipulation between the parties hereinbefore referred to the "defendant was to be given the opportunity to present evidence before the Pennsylvania court to rebut the finding of the court as to her unfitness to have custody of the said child, and defendant was given the temporary custody of the child * * * ", and he complains of her delay in appearing in the said Court of Common Pleas of Allegheny County, Pa., to refute the testimony offered by him in that court. But we are of the opinion that if he is being prejudiced by such delay he should make his complaint in the court in which the child custody proceedings are still pending. ██ ██ The general rule is that where a foreign court having jurisdiction determines the custody of a child or enters a decree for its support, its decision should be respected elsewhere, as to all matters up to the time of the rendition thereof.

██ ██ And even though our Court has recognized that under changed circumstances a court of equity may entertain a proceeding for the modification of a decree of a foreign state, we are of the opinion that under the facts and circumstances disclosed by this record the trial court should have declined to take jurisdiction of this proceeding and should have dismissed the appellee's bill of complaint, even under the rule of comity, if for no other reason. Moreover, we think that the plea to the jurisdiction in the absence of a prayer for divorce, and in the absence of a habeas corpus proceeding, and where no separate maintenance decree was sought, should have been sustained; that in the case of Latham, Gdn., etc. v. Latham, 223 Miss. 263, 78 So. 2d 147, a habeas corpus proceeding on the part of the defendant therein was brought by the mother of the children, and that proceeding was consolidated with the suit of the father, seeking the award of custody alone. Moreover, the children involved in that case were 14 and 16 years of age and this Court had held in the case of Forbes v. Warren, 184 Miss. 526, 186 So.

325, that the wishes of a 14 year old girl as to who should be awarded her custody should be given due consideration.

In the instant case Lorraine M. Cox did not file a habeas corpus proceeding, as did Mrs. Latham in the case of Latham, Gdn., etc. v. Latham, supra, invoking the full faith and credit that should be given under United States Constitution, Article IV, Section 1, to the decrees of the courts of New York or Pennsylvania, but she merely invoked the said proceedings in these other states under the said full faith and credit clause in support of her plea to the jurisdiction of the Chancery Court of Coahoma County, Mississippi. In other words, this case may be differentiated from the case of Latham, Gdn., etc. v. Latham, supra, in that regard. It was held in the case of Montgomery v. Walker, 227 Miss. 552, 86 So. 2d 502, that in all cases except where a divorce is granted or separate maintenance is decreed, the right to the custody of children must be determined by habeas corpus; and that no other remedy exists, citing Amis, Divorce and Separation in Miss., Section 225, quoted above, and Payne v. Payne, 213 Miss. 815, 58 So. 2d 9, 377.

And in the case of Montgomery v. Walker, supra, the Court further said: "We could not consider appellee's petition as an independent one to declare and confirm the existing status of the children, for we have held that such a proceeding is unknown to our practice. Bobo v. Christian, 199 Miss. 433, 25 So. 2d 325." But as hereinbefore stated the case of Davis v. Davis, supra, did recognize the right of a court of equity to declare custody of a child or children in a suit in this State wherein a divorce is sought, even though the same is denied.

We reaffirm the rule in Amis, Divorce and Separation, Section 225, as modified in the Davis case. We think that the decree appealed from should be reversed and that a judgment should be rendered here in favor of the appellant, dismissing the bill of complaint and leaving un-

disturbed the consent order of the Court of Common Pleas of Allegheny County, Pa., of October 29, 1954, which awarded the temporary custody of Maurine Cox to the appellant herein pending the further order of that court wherein the child custody proceeding is still undisposed of.

Reversed and judgment here for the appellant.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.