WALKER, Chief Justice,
for the Court:
This worker’s compensation case originates from a claim for benefits arising out of the death of the employee, James Henry Wilson. A motion to controvert was filed on April 8, 1981 on behalf of the dependents of James Wilson, deceased. Finding the evidence insufficient to prove Wilson sustained a compensable injury, i.e., one causally connected to his employment the administrative judge issued his order, dated May 19, 1982 denying benefits. Following review by the full commission an interlocutory order was issued November 18, 1982 remanding the cause to the administrative judge for additional hearing. Upon remand, on April 18, 1983, the administrative judge allowed benefits based upon a determination that Wilson substained a compen-sable injury arising out of the course and scope of his employment which resulted in his death. At the time of his death Wilson left surviving him his widow and seven (7) children, five (5) of whom were dependent on him when he died. On October 18, 1983 the administrative judge’s order was affirmed by the full commission. On appeal to the Circuit Court of Copiah County the commission’s order was affirmed, hence this appeal.
The only assigned error having merit and which we address is that:
THE CIRCUIT COURT ERRED IN ASSESSING A TEN PERCENT (10%) PENALTY AGAINST THE APPELLANTS.
On cross-appeal to the circuit court the appellees, for the first time, requested the imposition of the ten percent (10%) statutory penalty as provided for in Mississippi Code Annotated § 71-3-37 (1972). A request for penalties was not presented to either the administrative judge or the full commission and none were assessed before appeal to the circuit court.
Circuit courts are intermediate courts of appeal in worker’s compensation cases just as they are in county court cases. As such they are governed by the same rules and endowed with the same powers applicable to courts of appeal under appellate tradition. Gulf Coast Drilling and Exploration Company v. Permenter, 214 So.2d 601 (Miss.1968). Having failed to present a request for the imposition of the statutory penalty to the'administrative judge or full commission the appellees waived their right thereto. Cf New & Hughes Drilling Company v. Smith, 219 So.2d 657 (Miss.1969).
For the reason stated above, the circuit court erred in allowing the ten percent (10%) statutory penalty and same is disallowed.
*346 We are of the opinion there was substantial evidence to support the circuit court’s affirmance of the commission’s order finding Wilson suffered a compensable injury which resulted in his death.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.