504 So.2d 726 (1987)
Tracy Anne LASKOSKY
v.
James Allan LASKOSKY.
No. 56922.
Supreme Court of Mississippi.
March 18, 1987.
*728 Charles J. Mikhail, James C. Mingee, Krogstad, Johnson, Mingee & Wood, Jackson, for appellant.
Ben J. Piazza, Jr., Keyes, Moss, Piazza & Woods, Jackson, for appellee.
Before HAWKINS, P.J., and DAN M. LEE and GRIFFIN, JJ.
HAWKINS, Presiding Justice, for the Court:
The chancery court of Yazoo County enforced a Canadian court order granting James Allan Laskosky, a Canadian citizen, temporary custody of his child pending the outcome of his divorce proceeding in Canada. The child's mother, Tracy Anne Laskosky, a Mississippian, appealed that decision and asserted that the chancellor should have accepted jurisdiction over the custody dispute. Finding that the chancellor correctly declined to accept jurisdiction over Canada's, we affirm.

FACTS
James Allan Laskosky (Allan), a Canadian citizen, married Tracy Anne Laskosky (Tracy Anne), a Mississippian, in Alberta, Canada, on March 1, 1983. Jeffrey Sam Laskosky was born of their marital union.
On July 16, 1984, the couple separated after which they shared the custody of their child. In the fall of 1984, the couple began having disagreements over the custody of the boy.
On November 20, 1984, Tracy Anne filed her petition for divorce in the Court of Queen's Bench of Alberta, Canada.
In December, 1984, while Allan had custody of their son, Tracy Anne informed Allan she wanted to go to Yazoo City, MS, over the Christmas holidays to visit her parents. Before leaving Canada, she signed an agreement in which she agreed to return with the child to Canada after Christmas. Despite her promise, Tracy Anne refused to return to Canada. In January, 1985, Allan called Tracy Anne in Mississippi and she told him that she planned to return to Alberta on January 14, 1985. Later Tracy Anne's lawyer, Charles Mikhail, called Allan and told him Tracy Anne would return on January 28, 1985. Allan spoke to his Canadian lawyer, who advised him to do nothing until after January 28. When Tracy Anne failed to return on January 28, Allan called Yazoo City, and spoke to Linda Beeson, Tracy Anne's mother. She told him that Tracy Anne intended to stay in Yazoo City with the child.
On March 27, 1985, Tracy Anne entered a motion to dismiss her divorce in the Court of Queen's Bench in Alberta, Canada. The Canadian court granted this motion. In Mississippi, on April 18, 1985, Tracy Anne filed a petition for general guardianship and confirmation of custody for her child in the chancery court of Yazoo County, Mississippi.
Allan did not remain idle. On April 12, 1985, he asked the Court of Queen's Bench of Alberta to set aside its earlier dismissal of Tracy Anne's petition for divorce. After hearing arguments from counsel representing both parties, the Canadian court granted Allan's motion and ordered Tracy Anne to return to Canada with her child. On May 6, 1985, Allan's Mississippi lawyer petitioned the chancery court of Yazoo County to enforce the Canadian order. After hearing argument from counsel for both parties, the chancellor found the following:
The parties are still husband and wife and remain so until some court of competent jurisdiction makes a determination upon a trial of the issues as has been set by the court in Canada.
All proceedings that this Court has examined from the Canadian Court filed has shown that both parties were and have been throughout, the Canadian proceedings represented by counsel.

*729 The petitioner in the Canadian court chose her forum and is in court in Canada.
This Court finds pursuant to § 93-23-11(1) Miss. Code Ann. (1972) "... a court of this state shall not exercise jurisdiction under this chapter if at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter ..."
This Court looked at the order entered in the Canadian court dated April 19, 1985, ... which ordered Tracy Anne Laskosky to return the child of marriage, Jeffrey Sam, to the Province of Alberta; that the matter be set down for trial of the issues; and that ..., James Allan Laskosky, shall receive liberal and generous access to said infant child.
This Court is of the opinion that the order dated April 19, 1985, by the Queen's Bench of Alberta ... is a valid temporary order ... Pursuant to § 93-23-45 Miss. Code Ann. (1972) which gives international application to this chapter and that the respondent is ordered to abide by said orders of the Canadian court.
Despite Allan's promise to pay for Tracy Anne's and the child's airfare to and their living expenses in Canada, Tracy Anne failed to appear in her divorce proceeding on June 21, 1985. Instead, her Canadian counsel appeared and moved to withdraw. The Canadian court allowed her solicitor to withdraw and granted Allan interim custody of the child. On June 25, 1985, Allan again appeared in the chancery court of Yazoo County and asked the chancellor to hold Tracy Anne in contempt and enforce the Canadian court order. On July 3, 1985, the chancellor sustained Allan's motion to enforce the Canadian court order and directed Tracy Anne to deliver the child to the Yazoo City Police Department on July 4, 1985. Tracy Anne delivered the child to Allan who now holds custody of the boy in Canada. Tracy Anne comes to us asserting that the chancellor should not have honored the Canadian court order.

LAW
Tracy Anne argues technical arguments in an attempt to convince us that the chancellor should not have honored the Canadian decree. Our primary concern, however, focuses on the child's welfare, not on the games played by a parent to avoid another foreign nation's jurisdiction. Owens, by and through Mosley v. Huffman, 481 So.2d 231, 244 (Miss. 1985).
Enforcement of foreign nation judgments in our courts is governed by the principle of comity. Restatement, 2nd, Conflicts of Laws, § 98 (1986 Rev.). The principle of comity is similar to full faith and credit except that it is not governed by Federal statutes and that its application rests in the discretion of the trial judge. Kountouris v. Varvaris, 476 So.2d 599, 607 (Miss. 1985); MacLeod v. MacLeod, 448 So.2d 361, 362 (Ala.Civ.Ct.App. 1983); Cox v. Cox, 234 Miss. 885, 892, 108 So.2d 422 (1959).
Prior to the adoption of the Uniform Child Custody Jurisdictional Act (UCCJA), no state was bound to honor a custody decree rendered in another state. Before we recognized a foreign decree, we compared the foreign jurisdiction's laws to Mississippi's laws. If the other jurisdiction's laws were substantially the same as ours, we would honor the foreign custody decree. Then, as now, we declined to honor a foreign decree when its enforcement conflicted with the best interests of the child. Miss. Code Ann. § 93-23-45 (Supp. 1985); Thompson v. Foster, 244 So.2d 395 (Miss. 1971); Seaney v. Seaney, 218 So.2d 5 (Miss. 1969); Mixon v. Bullard, 217 So.2d 28 (Miss. 1968); Cox v. Cox, 234 Miss. 885, 108 So.2d 422 (1959); Cox v. Cox, 233 Miss. 747, 102 So.2d 799 (Miss. 1959).
Recognizing the uncertainty which courts in different jurisdictions acted in custody disputes, states, including Mississippi, adopted the Uniform Child Custody Jurisdictional Act. The Act is designed to protect the welfare of children taken from one state to another. Uniform Child Custody *730 Jurisdictional Act, Prefatory Note (1968).
The UCCJA permits courts to decline jurisdiction when a parent brings the child to Mississippi in an attempt to avoid another state's custody decree. The Act envisioned the same problems arising out of custody disputes in courts of foreign nations as it did in courts of different states. We are not free to disregard the custody decrees of a foreign country's court simply because they are non-UCCJA decrees. Our courts may honor a foreign nation's custody decree where the foreign court exercised jurisdiction substantially in conformity with our constitutional standards and the foreign nation's ruling does not offend our positive laws. Miss. Code Ann. § 93-23-45 (Supp. 1985); Boardman v. United Services Auto Ass'n., 470 So.2d 1024, 1038 (Miss. 1985); Mitchell v. Craft, 211 So.2d 509, 513-516 (Miss. 1968); Al-Fasi v. Al-Fasi, 433 So.2d 664 (Fla. Dist. Ct. App. 1983); Bergstrom v. Bergstrom, 271 N.W.2d 546 (N.D. 1978); Miller v. Miller, 69 Cal. App.3d 191, 138 Cal. Rptr. 123 (1977). Our courts must decline to honor foreign nation custody decrees when they contravene the best interest of the child. Miss. Code Ann. § 93-23-5 (Supp. 1985).
Commissioners' Note
Not all the provisions of the Act lend themselves to direct application in international custody disputes; but the basic policies of avoiding jurisdictional conflict and multiple litigation are as strong if not stronger when children are moved back and forth from one country to another by feuding relatives... .
* * * * * *
[C]ustody decrees rendered in other nations by appropriate authorities (which may be judicial or administrative tribunals) are recognized and enforced in this country. The only prerequisite is that reasonable notice and opportunity to be heard was given to the persons affected.
Uniform Child Custody Jurisdictional Act, § 23 (Comment) (1968).
In her brief Tracy Anne argues technical jurisdictional arguments, and asks us to ignore the Canadian decree. We must find, however, that Canada had jurisdiction to resolve the custody dispute.
By filing a pleading in Canada, Tracy Anne submitted herself to the Canadian court's jurisdiction. Brown v. Brown, 493 So.2d 961, 963 (Miss. 1986). "Jurisdiction once acquired is not defeated by subsequent events even though they are such a character as would have prevented jurisdiction from attaching in the first instance." Bynum v. State, 222 Miss. 632, 637, 76 So.2d 821, 823 (1955), cited in Williams v. State, 459 So.2d 777, 779 (Miss. 1984). See also: Miller v. Superior Court of Los Angeles County, 69 Cal. App.3d 191, 138 Cal. Rptr. 123, 130 (1977).
Not only did the Tracy Anne submit herself to the Canadian court's jurisdiction by filing the pleading, she had sufficient minimum contacts to give the Canadian court in personum jurisdiction over her. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528, (1985); Administrators of Tulane Educational Fund v. Cooley, 462 So.2d 696 (Miss. 1984). Tracy Anne moved to Canada, married in Canada to a Canadian citizen, and gave birth to their child in Canada. Tracy Anne resided in Canada with her child until she absconded with the child in December, 1984. Thus, she engaged in continuous and purposeful activities in Canada sufficient to render her amenable to an adjudication in Canada of her custodial rights.
The Canadian court also afforded Tracy Anne reasonable advance notice of its hearing. The Canadian court notified her Canadian counsel of record of its April and June court hearings. Since service upon the attorney of record is sufficient notice to the appellant, the appellant cannot complain that she had no notice of the Canadian proceedings. Rule 5(b), Mississippi Rules of Civil Procedure.
Additionally, Tracy Anne had a meaningful opportunity to be heard in response to Allan's motions before the Canadian court. MCA § 93-23-7. Mullane v. *731 Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed.2d 865, 873 (1950); Covington v. Covington, 459 So.2d 780 (Miss. 1984). Tracy Anne admitted that her Canadian counsel was present at an April 16, 1985, hearing to reinstate the divorce petition and at the April 25, 1985, hearing when the Canadian court ordered her to return to Canada. Tracy Anne's Canadian counsel waited until June, after the court awarded the father temporary custody, to inform the court that she no longer represented Tracy Anne. She could not effect the validity of the Canadian court's decree by dismissing her attorney after the court acted.
The Canadian court had personal jurisdiction over the appellant, afforded her Canadian counsel a reasonable advance notice of the hearing and gave her an opportunity to be heard. Tracy Anne's assertion that Canada lacked jurisdiction is without merit.
Finally, Tracy Anne complains that the Yazoo County court should have accepted jurisdiction to adjudicate her custody dispute.
We have held that lower courts must decline jurisdiction "where a child has been wrongfully detained within its jurisdiction unless the potential harm to the child outweighs the custodial misconduct." Hill v. Hill, 481 So.2d 227, 229 (Miss. 1985). Courts should also decline jurisdiction when a foreign nation's court has continuing jurisdiction over the matter, Jacobson v. Jacobson, 695 S.W.2d 44, 48 (Tex.Civ. App. 1985), and when the foreign court is a more appropriate and convenient forum. Miss. Code Ann. § 93-23-11 (Supp. 1985); McDonald v. McDonald, 74 Mich. App. 119, 253 N.W.2d 678 (1977); Annot., 96 A.L.R.3d 968, 995 § 7 (1979). Courts should also decline jurisdiction when the child had not resided in the jurisdiction for a sufficient period of time. MCA § 93-23-5(1)(a) (Supp. 1985); Bergstrom v. Bergstrom, 271 N.W.2d at 550; Cox v. Cox, 233 Miss. 747, 757, 102 So.2d 799 (1958). All these factors are present here. Nevertheless, Tracy Anne asks us to ignore the Canadian decree.
Tracy Anne failed to show how enforcement of the Canadian decree would contravene the child's best interest. In fact, Canada is the only jurisdiction which can afford all the parties a full adjudication of this custody dispute. Mississippi can only afford a piecemeal resolution of this dispute. We cannot see how the child would benefit with trials in both Canada and Mississippi. The learned chancellor in this case properly applied the letter and spirit of Miss. Code Ann. § 93-23-45 (Supp. 1985).
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.