507 So.2d 1292 (1987)
M & J OIL COMPANY
v.
DEPENDENTS OF James Henry WILSON, Deceased.
No. 55939.
Supreme Court of Mississippi.
May 20, 1987.
*1293 James M. Anderson, Markow, Walker, Reeves & Anderson, Jackson, for appellant.
Gary D. Thrash, Jackson, for appellee.
WALKER, Chief Justice, for the Court.

ON MOTION TO CORRECT JUDGMENT
This case originated from a claim for benefits for the death of James Henry Wilson, an employee of M & J Oil Company, Inc. (M & J). The administrative judge awarded benefits based on his findings 1) that Wilson sustained a compensable injury arising in the course and scope of his employment, and 2) that the injury resulted in his death. The full commission affirmed the award of the administrative judge.
M & J appealed to the circuit court, and Wilson's dependents cross-appealed, asking the circuit court to impose the ten percent (10%) statutory penalty provided for in Miss. Code Ann. § 71-3-37 (1972) (ten percent (10%) penalty for late payments). The circuit court affirmed on direct appeal and allowed the ten percent (10%) statutory penalty requested on cross-appeal.
From the circuit court, M & J appealed to this Court, which affirmed, except as to the ten percent (10%) statutory penalty. M & J Oil Company, Inc. v. Dependents of Wilson, 498 So.2d 344 (Miss. 1986). As to that penalty, this Court reversed, holding that the circuit court, sitting as an intermediate court of appeal in a worker's compensation case, erred in granting relief which had not been requested from either the administrative judge or the full commission. Id.
Wilson's dependents have now filed in this Court a motion to correct judgment, in which they ask this Court to
1) award them interest at the rate of eight percent (8%) per annum on each installment of benefits from the due date thereof until said installment is paid;
2) award them fifteen percent (15%) of all amounts due on the date of affirmance of the award, pursuant to Miss. Code Ann. § 11-3-23; and,
3) allow their attorney of record forty percent (40%) of all amounts recovered, pursuant to their contract with the attorney.
Wilson's dependents are entitled to interest at eight percent (8%) per annum on all past due payments of benefits, from due date until date of payment. South Central Bell Telephone Co. v. Aden, 474 So.2d 584, 598 (Miss. 1985). They are not, however, entitled to the fifteen percent (15%) statutory damages provided for in Miss. Code Ann. § 11-3-23 (Supp. 1986), since that statute applies only to unconditional affirmances. Old Security Casualty Insurance Co. v. Clemmer, 458 So.2d 732 (Miss. 1984). Nor is the attorney entitled to forty percent (40%) of the recovery, although Wilson's dependents and the attorney agreed to that percentage in the event of appeal to this Court.
We will not, in worker's compensation cases, allow for representation in this Court attorney's fees above thirty-three and one-third percent (33 1/3%) of the amount *1294 recovered, regardless of whether the party agrees to pay a larger percentage. Mandle v. Kelly, 229 Miss. 327, 92 So.2d 246 (1957); Sunnyland Contracting Co. v. Davis, 221 Miss. 744, 75 So.2d 638 (1954). Therefore, the contract is approved to allow attorney's fees in the amount of thirty-three and one-third percent (33 1/3%). The amount on which this fee is to be computed includes all benefits except the $1,000.00 funeral expense benefit and the immediate lump sum payment to the widow. Goodnite v. Farm Equipment Company, 234 Miss. 342, 104 So.2d 298 (1958).
MOTION GRANTED IN PART, DENIED IN PART.
ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.