871 So.2d 1286 (2004)
SUPERIOR CAR RENTAL, INC., Mike Bonfiglio and Real Cash for Titles, Inc., Appellants
v.
Elizabeth R. ROBERTS, Richard D. Roberts and Southern Automotive Products, Inc., Appellees.
No. 2001-CA-01670.
Supreme Court of Mississippi.
March 25, 2004.

*1287 ORDER

This appeal is before the Court en banc on the Appellees' Motion to Assess Statutory Damages. Following a jury verdict in favor of Elizabeth Roberts, Richard D. Roberts and Southern Automotive Products, Inc. ("Appellees"), on September 19, 2001, the Circuit Court of the First Judicial District of Hinds County, Mississippi entered the Corrected Final Judgment, which is a money judgment in favor of Appellees and against Superior Car Rental, Inc., Mike Bonfiglio and Real Cash for Titles, Inc. ("Appellants"). Appellants appealed and on February 4, 2003, the appeal was dismissed by Order of this Court for Appellants' failure to file their brief. Appellants filed a motion to reinstate the appeal. Appellees filed a response in opposition to that motion and requested that statutory damages pursuant to Miss.Code Ann. § 11-3-23 be assessed. This Court denied the motion to reinstate the appeal and invited the parties and the Attorney General of the State of Mississippi to file briefs discussing the effective date of the repeal of Miss.Code Ann. § 11-3-23. The Appellees filed a brief in support of their motion, and the Attorney General filed a brief as amicus curiae. The Appellants did not file a brief.
During its 2002 Third Extraordinary Session, the Mississippi Legislature passed House Bill No. 19, the "Civil Justice Reform Act," and the Governor signed it into law. 2002 Miss. Laws (3rd Ex.Sess.) Ch. 4. Section 14 of the Act states, "Sections 11-3-23 and 11-3-25, Mississippi Code of 1972, which provide for the assessment of a penalty on the appeal of certain judgments to the Supreme Court, are repealed." Prior to being repealed, Miss. Code Ann. § 11-3-23, provided:
In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the Supreme Court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property. If the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained. If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the *1288 amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; provided, however, the above penalty shall not be assessed against any condemnee appealing from a special court of eminent domain in any circumstances.
Appellees argue that they are entitled to an award of statutory damages in an amount equal to fifteen percent of the circuit court judgment.
After due consideration, the Court finds that Section 16 of the Civil Justice Reform Act states that the "act shall take effect and be in force from and after January 1, 2003, and shall apply to all causes of action filed on or after that date." Consistent with the argument of the Attorney General, the Court finds that, pursuant to the savings clause contained in Section 16 of the Act, the repeal of Miss.Code Ann. § 11-3-23 applies to all cases commenced in a trial court on or after January 1, 2003. Cases which were filed in a trial court before January 1, 2003, are still subject to Miss.Code Ann. § 11-3-23.
The Court finds that this matter was commenced in the circuit court prior to January 1, 2003. The Court further finds that Appellants appealed from a money judgment against them and failed to prosecute their appeal to effect. Accordingly, the Court finds that Appellees' Motion to Assess Statutory Damages is well taken and should be granted. The Court further finds that this Court's mandate should be amended accordingly.
IT IS THEREFORE ORDERED that Appellees' Motion to Assess Statutory Damages is granted. The statutory penalty of fifteen percent of the judgment is hereby assessed against the Appellants.
IT IS FURTHER ORDERED that the mandate shall be amended to read as follows:
THE APPEAL IS DISMISSED UPON ENTRY OF THIS ORDER. ALL COSTS OF THE APPEAL ARE ASSESSED TO APPELLANTS. ORDER ENTERED. STATUTORY PENALTY ASSESSED AGAINST THE APPELLANTS.
IT IS FURTHER ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forthwith forward a true certified copy hereof to West Publishing Company for publication as soon as practical in the advance sheets of Southern Reporter, Second Series (Mississippi Edition).
/s/ Edwin Lloyd Pittman
EDWIN LLOYD PITTMAN, CHIEF
JUSTICE FOR THE COURT
DIAZ, J., NOT PARTICIPATING.