OPINION AND ORDER

In this appeal, this Court finds that the tribal court erred in its reasoning for denying Appellant’s motion to dismiss pursuant to Ordinance 21, 3.2.3, and Appellant’s motion to suppress. The Court also finds that there was no violation of Appellant’s equal protection rights.

FACTUAL & PROCEDURAL BACKGROUND

[1] On March 4, 2003, Hopi Ranger Jamie Kootswatewa (“the Ranger”) requested and obtained a federal search warrant to search Vonda Namoki’s (Appellant) residence on the Hopi Reservation. On March 5, 2003, a complaint was filed by the Hopi Tribe charging Appellant with Possession of Marijuana and a Controlled Substance, case no. 03CR00231. On March 7, 2003, a federal complaint was also filed by the federal prosecutor charging Appellant with Possession of a Controlled Substance for Distribution, case no. 03-4041M.
[2] The federal prosecutor and the Hopi Tribe made an agreement with Appellant that she would cooperate with law enforcement to identify the drug dealer. In exchange, the charges against her would be dropped. Upon agreement, the Hopi Tribe moved for Nolle Prosequi and *240 on March 13, 2003, the Hopi Tribe’s charges against Appellant were dismissed without prejudice. Both parties stipulate to the fact that the federal charge was also dropped.
[33 Appellant feared retaliation from the alleged drug dealer and fled the Hopi Reservation to reside in Holbrook, Arizona. Upon Appellant’s disappearance, on September 8, 2003, the Ranger re-filed the charges against Appellant in Hopi Tribal Court for Possession of Marijuana, case no. 03CR001069, and Possession of a Controlled Substance, case no. 03CR001068. The following day, the Hopi Tribal Court issued an arrest warrant for Appellant.
[4] The Ranger sought and received a federal complaint in U.S. District Court charging Appellant with Possession of a Controlled Substance and requested a federal arrest warrant. The complaint was filed and the arrest warrant was issued on November 20, 2003.
[5] On December 19, 2003, Appellant was arrested on the federal complaint. The federal prosecutor informed the Ranger that Appellant would probably be sentenced to probation as this was not a serious offense. The Ranger immediately relayed this to the Hopi Tribal Prosecutor, who then requested that the federal prosecutor dismiss the charge against Appellant as he wished to prosecute the case in Hopi Tribal Court. Consequently, Appellant was sent to the Hopi Detention Facility where she was served with the Hopi arrest warrant. Appellant was arraigned in Hopi Tribal Court on December 22, 2003. Both parties stipulate to the fact that the federal prosecutor subsequently dismissed the federal charge against Appellant.
|0] On January 10, 2004, Appellant filed a Motion to Suppress claiming that the illegal drugs obtained through a federal search warrant cannot be admitted into evidence in a Hopi Tribal Court proceeding. Appellant stated during Oral Arguments before the Appellate Court that he is not challenging the sufficiency of the search warrant. On January 29, 2004, the tribal court issued an Order denying the Motion to Suppress.
[7] On March 1, 2004, Appellant filed a Motion to Dismiss for Violation of the Indian Civil Rights Act. Appellant claimed that her right to due process was denied because the tribal court denied her motion to suppress evidence obtained by a federal search warrant and because defendant has no way to challenge the sufficiency of a federal search warrant. Appellant claims that her equal rights were violated because she was not afforded the right to a “Hearing on Issue of Search Warrant.” On March 26, 2004, the court issued an Order denying the Motion to Dismiss.
[8] On March 31, 2004, prior to commencement of trial, Appellant’s counsel orally moved to stay the trial in order to take the issue of the Motion to Suppress to the Appellate Court. The Hopi Tribal Court granted the continuance to June 2, 2004. On May 21, 2004, Appellant filed a Petition for Extraordinary Writ in the Hopi Appellate Court. On May 28, 2004, the Appellate Court dismissed the Petition for Extraordinary Writ explaining that interlocutory appeals of criminal trial court orders denying motions to suppress evidence are not allowed under Hopi law. The Appellate Court, however, allowed Appellant to submit a conditional guilty plea conditioned upon an outcome of a proper appeal of the order denying the motion to suppress evidence.
[9] On June 2, 2004, at the trial date, Appellant’s counsel orally moved to dismiss the Possession of Controlled Substance charge, case no. 03CR001068, pursuant to Hopi Ordinance 21, 3.2.3, as federal prosecution was not declined. *241 The court denied the motion as untimely. Appellant entered a conditional guilty plea in order to appeal both cases to the Appellate Court. On June 18, 2004, a Notice of Appeal on both cases was filed.

ISSUES ON APPEAL

1. Whether the trial court improperly denied Appellant’s motion to dismiss pursuant to Ordinance 21, 3.2.3, because there was a federal prosecution initiated and dismissed.
2. Whether the trial court erred in denying Appellant’s motion to suppress evidence because the evidence was obtained pursuant to a federal search warrant.
3. Whether the trial court erred in denying Appellant’s motion to dismiss for violating Appellant’s rights to equal protection under the Indian Civil Rights Act of 1968.

DISCUSSION

I. Declination of Federal Prosecution
A. Timeliness of Motion to Dismiss
[10] Hopi Ordinance 21, 3.2.3 states that “[i]f an Indian is charged with any offense enumerated in this Code which may be subject to Federal prosecution, he shall not be prosecuted in the Hopi Tribal Courts unless and until the United States Attorney declines prosecution or fails to prosecute said Indian within a reasonable time after the commission of the alleged criminal act.” There is no language in the Ordinance limiting this right in any way, including timing. Accordingly, this statutory protection from double jeopardy is available to a criminal defendant at all times. Thus, when a defendant requests to be protected under this law, the court cannot dismiss the motion based on timeliness.
B. Federal Prosecutor Declined Prosecution
[11] Appellant claims that her case should be dismissed pursuant to Ordinance 21, 3.2.3 because the federal prosecutor did not decline or fail to prosecute within a reasonable time. This argument is unconvincing. Appellant concedes and the records reflect that the Hopi prosecutor “asked the Officer and the U.S. Attorney to again dismiss the charges against [Appellant] and return [Appellant] to Hopi to be arraigned on the Hopi chargesf.]” Appellant’s Brief 6. Upon the Hopi prosecutor’s request, Appellant was returned to Hopi detention and arraigned in Hopi court. The federal prosecutor then dismissed the federal charge against Appellant. Enough evidence exists in the records to conclude that the federal prosecutor had no intention of prosecuting Appellant in federal court. Therefore, this Court finds that the federal prosecutor declined to prosecute the case, and thus Appellant is not entitled to a dismissal pursuant to Ordinance 21, 3.2.3.
II. The Trial Court Did Not Err in Denying Appellant’s Motion to Suppress
A. Appropriate Standard of Review Is De Novo
[12] The trial court, as its reason for denying Appellant’s motion to suppress, asserted that it does not have authority to review a federal search warrant. This raises an issue of law regarding the scope of the Hopi Tribal Court’s authority. Therefore, this Court reviews the issue de novo. Coin v. Mowa, 00595 Hopi App.Ct. (1997).
B. Tribal Court Has Authority to Review Federal Search Warrants.
 [13] Principles of comity govern the Hopi Court’s treatment of foreign *242 judgments. Giving full faith and credit to the judgments of foreign nations can compromise the sovereignty of the Hopi nation. Comity, however, is based on concepts such as harmony, accommodation, policy and compatibility. Morrison, v. Budget Rent A Car Systems, lm:., 230 A.D.2d 253, 057 N.Y.S.2d 721 (2d Dep’t 1997). Thus, comity allows the Hopi Courts to reject a foreign judgment if it violates a strong public policy of the Hopi Tribe. See 16 Ani.Jur.2d Conflict of Laws § 15 (citing Barry E. (Anonymous) v. Ingraham, 43 N.Y.2d 87, 400 N.Y,S.2d 772, 371 N.E.2d 492 (1977)) (stating that a state may reject foreign judgments that violate strong public policy of the state under principles of comity). Comity is, in effect, a discretionary doctrine where the judge may give effect or refuse to give effect to a foreign judgment depending on the facts, laws, and policies presented in a particular case. See Hyde v. Hyde, 562 S.W.2d 194 (Tenn.1978); Cucullu v. Louisiana Ins. Co., 5 Mart, (n.s.) 464 (La,1827); Laskosky v. Laskosky, 504 So.2d 726 (Miss.1987). Extending comity to foreign judgments, including judgments of the federal and state courts, allows the Hopi Court to protect its sovereignty while increasing efficiency in the court systems and maintaining respectful civility to foreign courts.
[14] Under the principles of comity, the Hopi Courts have the authority to give effect to or refuse to give effect to a federal search warrant. Of course, whether the Hopi Court accepts or not depends on the concepts of harmony, accommodation, policy and compatibility. If the Hopi Court finds that the foreign judgment accommodates and is compatible with the Hopi laws, traditions and “notions of fairness,” then it may give effect to the judgment as if it were its own. This is the approach taken by federal courts. For example, in Elkins v. United Stales, the evidence in question was seized by state authorities pursuant to a state search warrant, but used in a federal prosecution. 364 U.S. 200, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). The United States Supreme Court found that the evidence is admissible if the search complied with federal requirements, i.e. the fourth amendment. Id. Moreover, the Supreme Court stated that if the state officers’ search, if conducted by federal officers, would have violated federal search and seizure requirements, the evidence obtained from such search would be inadmissible over the defendant’s timely objection in a federal criminal trial. Id. In this case, the trial court has the discretion to review the validity of the federal search warrant as if it were reviewing a Hopi search warrant.
C. Evidence Obtained through a Sufficient Federal Search Warrant is Admissible
[15] Under the principles of comity, the Hopi courts can give effect to a federal search warrant as long as it is compatible with the standards applicable to Hopi search warrants. As the matter stands, Appellant does not challenge the sufficiency of the search warrant, and there is no evidence offered to substantiate an insufficiency of probable eause claim. Therefore, we find that the trial court did not err in denying Appellant’s motion to suppress.
III. There is No Violation of Appellant’s Equal Protection Rights.
[16] Appellant claims that her equal protection rights were violated because she did not have the opportunity to challenge the validity of the federal search warrant if she were to challenge the sufficiency of probable cause. Appellant stated during oral arguments that she is not challenging the sufficiency of probable cause. The *243 issue is not squarely before us. Moreover, in light of this decision, Appellant may challenge the validity of a federal search warrant in trial court.

CONCLUSION

[17] We find that the trial court properly denied Appellant’s motion to dismiss pursuant to Ordinance 21, 3.2.3, because the federal prosecutor declined to prosecute Appellant. However, we find that it was error for the tribal court to have denied the motion as untimely.
[18] We find that the trial court did not err in denying Appellant’s motion to suppress because evidence obtained pursuant to a sufficient federal search warrant is admissible in Hopi courts.
[19] We do not address whether Appellant is deprived of her equal protection rights.

ORDER OF THE COURT

[20] The Order dated January 28, 2004, denying the motion to suppress is AFFIRMED.
[21] The Order denying the motion to dismiss is AFFIRMED.