IN THE SUPREME COURT OF MISSISSIPPI

NO. 2006-CT-00674-SCT

*AIRTRAN, INC., AND AMERICAN MANUFACTURERS INSURANCE COMPANY*

*v.*

*PAMELA BYRD*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2006 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM BIENVILLE SKIPPER |
| ATTORNEY FOR APPELLEE: | FLOYD J. LOGAN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | ORDER DENYING PENALTIES IS VACATED; THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND REMANDED - 10/11/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case arises from an employer's appeal from an award of benefits by the Mississippi Workers' Compensation Commission. After the judgment of the Commission was unconditionally affirmed by the Harrison County Circuit Court and the Court of Appeals, Pamela Byrd moved for statutory penalties pursuant to Mississippi Code Annotated Section 11-3-23. Although this section was repealed by the Legislature in 2002, the applicable savings clause provides that the repeal applies to "causes of action" filed on or

after January 1, 2003. Miss. Code. Ann. § 11-3-23 (Rev. 2002). The Court of Appeals denied Byrd's motion. We find that Byrd's filing of a Petition to Controvert with the Mississippi Workers' Compensation Commission on July 20, 2001, constitutes a "cause of action" for the purposes of the savings clause and that Byrd is entitled to statutory penalties. Accordingly, we vacate the Court of Appeals' order denying penalties and reverse and remand for action consistent with this opinion.

## FACTS

¶2. Pamela Byrd worked as a ticket agent for AirTran, Inc., at the Gulfport-Biloxi Airport. On July 31, 1999, Byrd fell while loading luggage into the cargo hull of an aircraft. She sought workers' compensation benefits from her employer AirTran and its carrier American Manufacturers Mutual Insurance Company (hereinafter collectively "AirTran") for injuries to her neck, lower back, left and right shoulders, as well as the onset of fibromyalgia and vascular necrosis due to the fall. AirTran denied benefits for her shoulders and lower back. Byrd filed a Petition to Controvert on July 20, 2001. The administrative judge awarded compensation for the injuries to her neck, right shoulder, and lower back. AirTran appealed this determination, and the full Commission confirmed the order of the administrative judge on July 21, 2005. The Harrison County Circuit Court affirmed the decision of the full Commission on April 4, 2006. On April 3, 2007, the Court of Appeals unconditionally affirmed the decisions of the Circuit Court and the Commission.

¶3. On April 25, 2007, Byrd moved the Court of Appeals for an award of statutory penalties pursuant to Mississippi Code Annotated Section 11-3-23. AirTran argued that statutory penalties were not available as the statute had been repealed by the Mississippi

2

Legislature in the Civil Justice Reform Act (House Bill No. 19, Third Extraordinary Session, 2002), which affected all actions filed on or after January 1, 2003. The Court of Appeals denied Byrd's motion and the subsequent Motion for Reconsideration. We granted certiorari to clarify our previous opinion in *Superior Car Rental v. Roberts*, 871 So. 2d 1286 (Miss. 2004), as to interpretation of the savings clause in the Civil Justice Reform Act.

## STANDARD OF REVIEW

¶4. We review questions of law de novo. *Dockins v. Allred*, 849 So. 2d 151, 154 (Miss. 2003). In *Dockins*, we held that the review of a trial court's determinations of the amount in controversy and timetable for valuing property for the purpose of assessing statutory penalties pursuant to Section 11-3-23 were questions of law. *Id*. Whether or not the statute applies to a particular case is likewise a question of law. Therefore, we review the Court of Appeals' denial of statutory penalties de novo.

## DISCUSSION

¶5. Section 11-3-23 of the Mississippi Code Annotated provided:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the Supreme Court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property. If the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained. If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular

3

property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; provided, however, the above penalty shall not be assessed against any condemnee appealing from a special court of eminent domain in any circumstances.

¶6. This Court has applied this statutory penalty in workers' compensation cases which have been appealed to the circuit court, reviewed by the supreme court, and unconditionally affirmed. *M & J Oil Co. v. Dependents of Wilson*, 507 So. 2d 1292, 1293 (Miss. 1987); *Delchamps, Inc. v. Baygents*, 578 So. 2d 620 (Miss. 1991). In 2002, the Mississippi Legislature repealed Section 11-3-23 by passage of the Civil Justice Reform Act. Section 16 of the Act states that the act "shall take effect and be in force from and after January 1, 2003, and shall apply to all causes of action filed on or after that date."

¶7. In *Roberts*, Plaintiffs Elizabeth Roberts, Richard D. Roberts, and Southern Automotive Products, Inc. (hereinafter "Appellees") won a jury verdict in the Circuit Court of the First Judicial District of Hinds County, Mississippi. *Roberts*, 871 So. 2d at 1287. Defendants Superior Car Rental, Inc., Mike Bonfiglio, and Real Cash for Titles, Inc. (hereinafter "Appellants") appealed the judgment to this Court. *Id*. The appeal was dismissed due to Appellants' failure to file a brief. *Id.* Appellants filed a motion to reinstate the appeal, and Appellees filed a response in opposition to reinstatement and requested statutory penalties be assessed pursuant to Mississippi Code Annotated Section 11-3-23. *Id*. This Court denied the motion to reinstate the appeal but requested that the parties and the Attorney General of the State of Mississippi brief the applicability of the savings clause in the Civil Justice Reform Act. *Id.* Appellants did not file a brief as requested. *Id.*

4

¶8.    Upon review of the parties' briefs, this Court found that "Section 16 of the Civil Justice Reform Act states that the act 'shall take effect and be in force from and after January 1, 2003, and shall apply to all causes of action filed on or after that date.'" *Id.*, at 1288. We held that Appellees' case was commenced in the circuit court prior to January 1, 2003, and thus Section 16's savings clause preserved application of the statutory penalty. *Id.* In so holding, we stated:

> . . .the Court finds that, pursuant to the savings clause contained in Section 16 of the Act, the repeal of Miss Code Ann. § 11-3-23 applies to all cases commenced **in a trial court** on or after January 1, 2003. Cases which were filed **in a trial court** before January 1, 2003, are still subject to Miss. Code Ann. § 11-3-23.

*Id.* (Emphasis added). AirTran relied on this language in its Response to Appellee's Motion for Statutory Penalties and argued that Byrd's motion for penalties should be denied as it was not "commenced in a trial court" until AirTran made its appeal of the award of benefits to the circuit court on September 28, 2005. We find this a misapplication of our holding in *Superior Car Rental*.

¶9.    In *Roberts*, Appellees were investors in the Appellants' business. Appellees filed suit in the circuit court on December 22, 1998, against the Appellants, alleging breach of contract, conversion, fraudulent misrepresentation, conspiracy, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Appellees won a jury verdict at trial on September 19, 2001. Unlike this case, the Appellees in *Roberts* could only "commence" their action in the trial court. Pamela Byrd was required by our laws to file her cause of action in the form of a Petition to Controvert with the Mississippi Workers'

5

Compensation Commission. Byrd's filing of the Petition "commenced" the "cause of action" for the purposes of section 11-3-23 and our opinion in *Roberts*.

¶10.    It is apparent that the savings clause of the Civil Justice Reform Act serves as a statute of limitations for applicability of the penalties in light of the repeal.  This Court has stated that "the primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time." *Lee v. Thompson*, 859 So. 2d 981, 992 (Miss. 2003); *Cole v. State*, 608 So. 2d 1313, 1317 (Miss. 1992).  Byrd exercised her right of action within a reasonable time, complying with the Commission's procedural rules.  AirTran was put on notice that this claim was controverted and could thus lead to appellate review.   We find unpersuasive AirTran's argument that the cause of action was not commenced until AirTran filed an appeal with the circuit court.

¶11.    AirTran next argues that this Court held in *Delchamps* that Section 11-3-23 does not apply to an appeal from the Mississippi Workers' Compensation Commission to the circuit court. *Delchamps*, 578 So. 2d at 624. While this is an accurate statement from our opinion, it is misinterpreted by AirTran.   In *Delchamps*, the Circuit Court of Harrison County assessed penalties against the unsuccessful appellants when it affirmed the decision of the Workers' Compensation Commission in favor of the appellee claimant.  We reversed this assessment because such a penalty is available only when the Commission's order has first been appealed to the circuit court and then appealed to and unconditionally affirmed by the Supreme Court.  The Circuit Court of Harrison County lacked the power to assess the penalties.  Our holding in *Delchamps* does not apply to the case at bar, which was first appealed to the circuit court and then to this Court.

6

## CONCLUSION

¶12.   We find that this case was commenced on July 20, 2001, the date of filing of the Petition to Controvert.  The cause of action was thus commenced before January 1, 2003.  Section 11-3-23 is applicable to AirTran's unsuccessful appeal, and penalties should be assessed.  It is so ordered.

¶13.   **ORDER DENYING PENALTIES IS VACATED; THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.**