ISHEE, J.,
for the Court.
¶ 1. On August 8, 2003, the Chancery Court of Sunflower County entered an order granting Robert Ferguson’s motion for modification and declaratory relief from a previous order entered in April of 1992 which, inter alia, ordered Ferguson to pay separate maintenance and child support in the amount of $500 per month to the appellant, Barbara Ferguson. Aggrieved by the judgment, Barbara appeals. Finding no error, we affirm.
FACTS
¶ 2. Robert Ferguson filed for divorce in the Chancery Court of Sunflower County on July 30, 1990, based on the ground of habitual, cruel, and inhuman treatment. On April 28, 1992, the court stated that the parties should be separated and probably should be divorced, but did not grant the divorce because Robert failed to establish the elements of cruelty. The court further ordered Robert to pay as separate maintenance and child support the sum of $500 per month to Barbara. Robert and Barbara agreed that custody should be placed with Barbara and that Robert would be entitled to reasonable visitation.
¶3. Subsequent to the order granting separate maintenance, Robert was granted a decree absolute (of divorce) by the Oxford County Court of Oxfordshire, United Kingdom on March 16, 1995. On January 8, 2003, Robert amended his original divorce complaint in Mississippi and filed a motion with the chancery court asking that separate maintenance be declared null and void as of the date of the divorce and that he be granted the paramount care, custody, and control of the minor child, Roderick Lamar Ferguson. A hearing was scheduled for March 20, 2003, at which time a continuance was granted on the ground that Barbara had not been able to retain an attorney to represent her. The hearing was set for June 26, 2003, and Barbara failed to appear. The court ruled that the obligation of Robert to pay separate maintenance terminated as of the date of the decree absolute on March 16, 1995. The court further ruled that a material change in circumstances had taken place that adversely affected the minor child and found that Robert should be granted the custody and control of Roderick.
¶ 4. Aggrieved, Barbara appeals and asserts the following issues for this Court’s review: (1) whether the trial court com *1017 mitted error in denying Barbara’s motion for relief from the order granting modification and declaratory judgment, and (2) whether the decision of the trial court is against the overwhelming weight of the evidence.
STANDARD OF REVIEW
¶ 5. Our review of domestic relations matters is limited. Carrow v. Carrow, 741 So.2d 200, 202(¶ 9) (Miss.1999). The chancellor’s findings of fact will not be disturbed on appeal if they are supported by substantial credible evidence. Pacheco v. Pacheco, 770 So.2d 1007, 1009(¶ 8) (Miss.Ct.App.2000) (citing Dunaway v. Busbin, 498 So.2d 1218, 1221 (Miss.1986)). We will not reverse the decision of a chancery court unless the chancellor abused his or her discretion, was manifestly in error, or applied an erroneous legal standard. Carrow, 741 So.2d at 202(¶ 9) (citing Turpin v. Turpin, 699 So.2d 560, 564(¶ 15) (Miss.1997)).
ISSUES AND ANALYSIS
I. Whether the trial court committed error in denying Barbara’s motion for relief from the order granting modification and declarátory judgment.
II. Whether the decision of the trial court is against the overwhelming weight of the evidence.
¶ 6. Due to similarity, we will discuss these two issues together. Barbara argues that the trial court committed error when it ruled that a material change in circumstances existed after the entry of the judgment in the United Kingdom. Generally in our courts, the enforcement of a judgment entered in a foreign nation is governed by state law and the principle of comity. Laskosky v. Laskosky, 504 So.2d 726, 729 (Miss.1987). In applying this principle, the trial judge exercises discretion. Id. After reviewing the record, nothing suggests that the chancellor abused her discretion in giving full faith and credit to the foreign divorce decree. Furthermore, Barbara failed to offer any evidence suggesting that the decree is invalid.
¶ 7. Finally, this Court has ruled that a divorce “obtained subsequent to a separate maintenance decree, was proof of a material change in circumstances sufficient to warrant a modification of amounts awarded in the separate maintenance decree.” Landrum v. Landrum, 498 So.2d 1229, 1230 (Miss.1986). That is precisely how the chancellor ruled in this situation. Thus, these issues are without merit.
¶ 8. THE JUDGMENT OF THE CHANCERY COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.